E-FILED
Monday, 06 August, 2007 07:58:17 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

    V.          CASE No.: 07-10064 (criminal)

LASHANDA S. BROWN
    Defendant.

## MOTION TO DISMISS

**NOW COMES,** Lashanda S. Brown, as named defendant in the above-captioned cause, by and through, LeRoy Cross, Jr. her attorney, and in support of defendant's Motion asserts as follows:

1. That the Government filed an indictment in this cause on May 17, 2007, alleging a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), stemming from conduct in Peoria County, Illinois, on or about May 15, 2007, where your Movant was arrested on May 15, 2007.

2. That on July 26, 2007 the Government filed what has been entitled as a superseding indictment which re-alleges the May 17th. charge as Count I, and, adds a new charge under, Count II, for possession of ammunition by a felon, as an alleged violation of Title 18, United States Code, Section 922(g).

3. That the ammunition forming the basis of the Count II allegation was gathered by the government on May 15, 2007, and, submitted to the Government's forensic experts on May 30, 2007. (Exhibit A to follow)

4. That defense counsel was first delivered, from the government, their laboratory report concerning ammunition, which is dated July 6, 2007, by facsimile on August 1, 2007. However said report does not concern the alleged ammunition which is the basis of the Count II charge. (Exhibit B to follow).

(motion to dismiss page 2.)

5. That trial on the allegations filed under the May 17, 2007 indictment is set for August 27, 2007, and it is likely the Government will request that Count II be set for the same August 27th. Trial date.
6. That no additional discovery/disclosure on the ammunition has been tendered by Government.
7. That the defendant suffers from unnecessary delay in charging the Count II offense on July 26, 2007, or more than (73) seventy-three days after her arrest.
8. That the defendant has no information on physical evidence that could be used to prove or to disprove her claimed knowing possession of the ammunition, and, is practically precluded from gathering said information because the delay will make it extremely difficult to locate the furniture from where the ammunition was taken, or, to employ competent experts to make analysis of the ammunition and the furniture it was taken from.
9. That the delay set out herein-above prevents the defendant from being able to gather evidence to defend herself, and, therefore has caused **actual prejudice** to her ability to receive a fair trail on the charges set out under Count II.
10. For the foregoing reasons Count II should be dismissed.

s/(LeRoy Cross, Jr.)
LeRoy Cross, Jr. ARDC#3128668
Law Offices of LeRoy Cross, Jr.
33 North Dearborn Street, Ste. 802
Chicago, Illinois 60602-4671
(312) 609-1010
FAX(312) 553-1408
crosslawsil@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

      V.          CASE No.: 07-10064 (criminal)

LASHANDA S. BROWN
    Defendant.

## **MEMORANDUM IN SUPPORT**

**NOW COMES,** Lashanda S. Brown, as named defendant in the above-captioned cause, by and through, LeRoy Cross, Jr., newly-retained attorney, seeking leave to appear and to substitute from CJA counsel, and in support of defendant's Motion asserts as follows:

1. That a motion to dismiss may be raised if the arrest is followed by unnecessary delay before formal charging, and a showing of actual prejudice is not necessarily required. **Dillingham v. United States, 423 U.S. 64, 46 L.Ed. 2d. 205, 96 S. Ct. 303 (1975.**

2. That it was held to be error not to dismiss a charge when the indictment or information was not obtained within (30) days of arrest. **United States v. Antonio, 705 F. 2d 1483 (9th. Cir. 1983).**

3. That where the defendant can and has shown actual prejudice herein, the indictment should be dismissed, compare **United States v. Ousley, 100 F. 3d 75 (7th. Cir. 1996)** where the court found that a defendant must show actual prejudice to overcome the government's action in causing the post-arrest delay in bringing the indictment.

                                            s/(LeRoy Cross, Jr.)  
                                            LeRoy Cross, Jr. ARDC#3128668  
                                            Law Offices of LeRoy Cross, Jr.  
                                            33 North Dearborn Street, Ste. 802  
                                            Chicago, Illinois 60602-4671  
                                            (312) 609-1010  
                                            FAX(312) 553-1408  
                                            crosslawsil@aol.com