IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

      V.                        CASE No.: 07-10064 (criminal)

LASHANDA S. BROWN
    Defendant.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

**NOW COMES,** Lashanda S. Brown, as named defendant, in the above-captioned cause, and as the Movant, herein, by and through, LeRoy Cross, Jr., and in support of her Motion asserts as follows in her brief:

## ISSUE PRESENTED

1. Movant seeks to have an Order entered by the Court which dismisses COUNT II of the Government's superseding indictment which was filed on July 26, 2007, or a full (73) seventy-three days after her arrest, arguing that bringing COUNT II, which alleges the **"knowing(ly) possession of ammunition by a felon,"** more than (30) thirty days after Movant's arrest constitutes unnecessary delay.

## UNDISPUTED FACTS

1. That the Government originally obtained the return of a (1) one count indictment against Movant on May 17, 2007 alleging conduct which occurred on May 15, 2007 involving controlled substances (see exhibit "A" to follow)
2. That all the evidence obtained from said conduct forms the basis of the charges for both indictments.
3. That all the evidence obtained, including the ammunition, was retrieved by the Government on May 15, 2007, which was also the day of Movant's arrest.

4. That the Government was in possession of the subject ammunition, Movant's felony background, and the origin and manufacture of the ammunition within (30) thirty days of her arrest.(see exhibit "B" –the allegations of Count II, to follow)
5. That the Government had time to seek and to file the superseding indictment within (30) thirty days of Movant's arrest.
6. That a full (73) seventy-three days elapsed between the time Movant was arrested and when she was charged with COUNT II.

## ARGUMENT

A motion to dismiss may be raised if the arrest is followed by unnecessary delay before a formal charging, and, a showing of actual prejudice is not necessarily required, **Dillingham v. United States, 423 U.S. 64, 46 L. Ed. 2d. 205, 96 S. Ct. 303 (1975).** A PER CURIAM decision reversed the Fifth Circuit in citing United States v Marion 502 F. 2d. 1233, 1235, for its holding that "pre-indictment delay…is not to be counted for the purposes of a Sixth Amendment motion absent a showing of actual prejudice."

The U.S. Supreme Court instead pointed out that in the Marion case, the Government " constituted petitioner an "accused" when it arrested him and thereby commenced its prosecution of him. Marion made this clear, **id., at 320-321,** where the Court stated:

**"To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends. These considerations were substantial underpinnings for the decision in ….So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment."**

That it would be error not to dismiss the Superseding Indictment under the provisions of the **"Speedy Trial Act," under 18 U.S.C. 3161(b)** with or without prejudice, as determined by the Court, and COUNT II, with prejudice. Section 3162(a)(1) states in simple and unequivocal language that if the indictment has not been returned within 30 days of the arrest, "such charge against that individual contained in such complaint *shall* be dismissed or otherwise dropped."

s/LeRoy Cross, Jr.
LeRoy Cross, Jr. ARDC#3128668
Law Offices of LeRoy Cross, Jr.
33 North Dearborn Street, Ste. 802
Chicago, Illinois 60602-4671
(312) 609-1010
FAX(312) 553-1408
crosslawsil@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

THE UNITED STATES OF AMERICA

       VS.             CASE NO.: 1:07-cr-10064

LASHANDA S. BROWN,
       DEFENDANT.

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2007, I electronically filed the foregoing defendant's brief supporting motion to dismiss, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William R  Kelly  - kelly1941@yahoo.com,billkelly@yahoo.com

Bradley W Murphy-
brad.murphy@usdoj.gov,kimberly.ritthaler@usdoj.gov,margo.l.scamp@usdoj.gov

George F Taseff-George-Taseff@fd.org, Mary-Ardis@fd.org,gtaseff@mtco.com


**s/LeRoy Cross, Jr.**
LeRoy Cross, Jr. ARDC number 3128668
Attorney for Defendant
Law Offices of LeRoy Cross, Jr.
77 West Washington, Suite 500
(312) 609-1010
FAX(312) 553-1408
crosslawsil@aol.com