IN THE UNITED STATES DISTRICT COURT

OR THE _____ DISTRICT OF Illinois

_____ DIVISION

| | |
|---|---|
| LaShanda Brown ) <br> Petitioner/Defendant, ) <br>  ) <br> versus ) <br>  ) <br> THE UNITED STATES OF AMERICA, ) <br>  ) <br> Respondent ) <br>  ) | CRIMINAL CASE NO. 1:07-CR-10064-00 <br><br> FILED <br> MAY 20 2008 <br> PAMELA E. ROBINSON, CLERK <br> U.S. DISTRICT COURT <br> CENTRAL DISTRICT OF ILLINOIS |

**MOTION OF PETITIONER FOR MODIFICATION OR
REDUCTION OF SENTENCE BASED UPON AN
INTERVENING POST-SENTENCING CHANGE IN THE UNITED STATES
SENTENCING GUIDELINES PERTAINING TO
COCAINE BASE "CRACK" OFFENSES (AMENDMENT 9) AND
THE COROLLARY CRIMINAL HISTORY CATEGORY (AMENDMENT 12)
WHICH EFFECTIVELY LOWERS PETITIONER'S TERM OF IMPRISONMENT**

NOW INTO COURT COMES the Petitioner and Defendant herein, _____, appearing in and of her own behalf, as a *pro se* litigant, and respectfully moves this Honorable Court for an ORDER modifying and thus reducing her sentence of 151 months imprisonment, pursuant to this Honorable Court's jurisdictional authority as set forth and as contained in 18 United States Code § 3582(c)(2).

I. STATEMENT OF THE CASE

Petitioner/defendant in the underlying above-numbered criminal ~e, was sentenced by this Honorable Court, on or about January 31, 2008, for a violation of the federal drug Title 21 United States Code, particularly involving ____, hereinafter referred to as "crack". Petitioner was

sentenced by this Honorable Court to a term of imprisonment of 151 months, at Offense Level ___, with a Criminal History Category of 2, followed by a term of Supervised Release of _____ years. Petitioner is currently incarcerated and is serving her sentence at the Federal Correctional Institution at _____ [See EXH. "A" Judgment in a Criminal Case].

Any detailed or extended statement of the facts of the case would be improper and unavailing, on the ground that Petitioner's instant motion for sentence reduction is, as a matter of law, a continuation of the criminal case and is not a civil post-conviction relief pleading. See, e.g., **United States v. Fair**, 326 F.3d 1317 (11th Cir. 2003), followed by the overwhelming sister circuits. Therefore, Petitioner herein does not seek to introduce new evidence or to argue or litigate the facts of the case. To the contrary, Petitioner's instant Motion pursuant to 18 United States Code § 3582(c)(2) seeks a reduction of her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines [hereinafter "USSG" or "the Guidelines"]. However, the current **Advisory** Guidelines apply.

## II. AMENDMENTS TO THE GUIDELINES

On May 1, 2007, the United States Sentencing Commission [hereinafter "USSC" or "the Commission"] sent to the United States Congress proposed changes to the Guidelines, which included <u>inter alia</u>, Amendment 9, to improve crack cocaine sentences which would be a clear, notwithstanding modest step, toward reducing the harsh and unjustifiable disparaties between powder cocaine and crack.

-2-

The Crack Amendment to the Sentencing Guidelines -- Amend. 9 -- will effectively reduce Petitioner's sentence by two (2) Offense Levels -- from the current Level ____ to a Level ____. The Commission stated in its "Reason for Amendment:

> The Commission identified as a policy **priority** for amendment cycle ending May 1, 2007, "continuation of its work with congressional, executive, and judicial branches of the government and other interested parties on cocaine sentencing policy," including reevaluating the Commission's 2002 report to Congress, <u>Cocaine and Federal Sentencing Policy</u>. As a result of the Anti-Drug Abuse Act of 1986, Pub. L. 99-570, 21 U.S.C. § 841(b)(1) requires a five-year mandatory minimum penalty for a first-time trafficking offense involving 5 grams or more of crack cocaine, or 500 grams of powder cocaine, and a ten-year mandatory minimum penalty for a first-time trafficking offense involving 50 grams or more of crack cocaine, or 5,000 grams or more of powder cocaine. <u>Because 100 times more powder cocaine than crack cocaine is required to trigger the same mandatory minimum penalty, this</u> penalty structure is commonly referred to as the "100 to-1 drug quantity ratio." [See, AMENDMENTS TO THE SENTENCING GUIDELINES, pp. 45-46]. **[Emphasis supplied]**.

Clearly, the Sentencing Commission recognizes the policy priority which should be accorded the disparities surrounding cocaine sentencing. Petitioner respectfully submits that this Honorable Court so too will accord the same or similar priority status in ruling upon Petitioner's instant motion for a reduction in sentence.

The Criminal History Category (Amendment 12) to the Sentencing Guidelines addresses two critical areas of Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. It is respectfully requested that this

-3-

Honorable Court grant unto Petitioner such other and further reduction of her sentence resulting from the Criminal History Category Amend. 12.

### III. BASED UPON THE SUPREME COURT'S BOOKER DECISION ABOLISHING THE MANDATORY SENTENCING GUIDELINES IN ALL CONTEXTS THE BOOKER ADVISORY GUIDELINES APPLY TO PETITIONER'S INSTANT § 3582(c) MOTION FOR SENTENCE REDUCTION, THUS EMPOWERING THIS HONORABLE COURT TO CONSIDER THE § 3553(a) FACTORS, CALCULATE A NEW GUIDELINE RANGE AND RESENTENCE PETITIONER ACCORDINGLY

This Honorable Court in resentencing Petitioner herein, pursuant to this instant 18 U.S.C. § 3582(c)(2) to account for a post-sentencing U.S. Sentencing Guidelines amendment that reduces the applicable range of punishment, must apply the Guidelines as advisory, even though the old mandatory Guidelines were in effect at the time of Petitioner's original sentencing in this Court.

In United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the U.S. Court of Appeals for the Ninth Circuit held that where, as here, a defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits a district court to resentence a defendant whose sentencing range has be lowered by the Sentencing Commission pursuant to 18 U.S.C. §994(o), the Guidelines must be applied in an advisory manner. According to the Ninth Circuit's analysis, "a mandatory system is no longer an open choice", as a result of the Supreme Court's decision in United States v. Booker, 543 U.S. at 263. Clearly, this Court, in resentencing Petitioner, has the discretion, pursuant to the now advisory Guidelines, to consider the factors set forth in § 3553(a), and calculate a new Guideline range, and issue a new sentence, accordingly.

-4-

## IV. CONCLUSION

For the foregoing and aforestated reasons, Petitioner herein respectfully requests this Honorable Court to apply the advisory Sentencing Guidelines to the instant resentencing 18 U.S.C. § 3582 (c)(2) proceedings, notwithstanding that the old, mandatory Sentencing Guidelines were in force and effect at the time of this Court's original sentencing of Petitioner. Thus applying the post **Booker** advisory Guidelines and considering the factors set forth in § 3553(a), Petitioner requests this Honorable Court to apply a newly calculated range and then determine an appropriate sentence for Petitioner, accordingly.

Petitioner further prays that this Honorable Court will grant unto her such other and further relief as may be deemed just and proper under the circumstances.

Dated: November 1, 2007                Respectfully submitted,

_____Reg. #_____
Name:
Address:                               Unit

Form Approved by the U.S. District Court
for the Northern District of Texas



United States District Court
for the ~~Western~~ District of ~~Texas~~
　　　Ill　　　　　　　　　　N

_____ Division

**United States of America,**
　*Plaintiff,*

_____
Place of Confinement

v.

_____
Prisoner ID Number

_____,
　*Defendant.*

_____
Criminal Case Number

## Defendant's Motion and Questionnaire for Reduction of Sentence
## Pursuant to 18 U.S.C. § 3582(c)

---

### Instructions - Read Carefully

1.  This motion must be legibly handwritten or typewritten. All questions must be briefly answered in the proper space on the form.

2.  When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office, whose address is:

| | | |
|---|---|---|
| ⸺⸺ ⸺⸺ | <u>a l  Division</u> | <u>Dallas Division</u> |
| P.( .( 21 | ⸺⸺ E. 5th St, Rm 133 | 1100 Commerce St, Rm 1452 |
| Ac ⸺ 7⸺ ⸺04 | Amarillo, TX 79101 | Dallas, TX 75242 |
| | | |
| <u>Fort Worth Division</u> | <u>Lubbock Division</u> | <u>San Angelo Division</u> |
| 501 W. 10th St, Rm 310 | 1205 Texas Ave, Rm 209 | 33 East Twohig St, Rm 202 |
| Fort Worth, TX 76102 | Lubbock, TX 79401 | San Angelo, TX 76903 |

<u>Wichita Falls Division</u>
P.O. Box 1234
Wichita Falls, TX 76307

Page 1 of 4

3. Questionnaires that do not follow these instructions will be returned, and the mistake will be identified.

## Questionnaire

1. Name and location of court that entered the sentence that you are asking to reduce:

   _____

2. Date(s) of sentence and judgment of conviction:

   _____

3. Are you currently in prison for this sentence?

   _____Yes  _____No

4. If so, when is your projected date of release from prison?

   _____

5. Are you currently on supervised release?   _____Yes  _____No

6. Are you currently in prison because you violated your supervised release?

   _____Yes  _____No

7. Is your case currently on appeal? _____Yes  _____No

8. Offense(s) for which you were convicted (all counts):

   _____
   _____
   _____

9. Did your offense of conviction involve cocaine base (crack cocaine)?

    __✓__Yes    _____No    _____Don't know

10. Did your offense of conviction involve crack cocaine plus other controlled substances (such as powder cocaine, methamphetamine, or marihuana)?

    __✓__Yes    _____No    _____Don't know

11. In calculating the applicable sentencing guideline range, did the Court refer to the offense levels for cocaine base (crack cocaine)?

    __✓__Yes    _____No    _____Don't know

12. Was your sentence based on an agreement with the Government for a specific sentence?

    _____Yes    __✓__No    _____Don't know

13. List any good conduct that occurred after your original sentencing hearing that you would like the Court to know in deciding whether you should receive a sentence reduction (for example, participating in a drug treatment program, or completing your GED or another degree).

    _____

    _____

    _____

    _____

I pray that the Court grant me relief to which I may be entitled in this proceeding.

Respectfully submitted this _____ of _____, 200\_\_\_\_.

_____
Signature of Defendant

_____
Printed Name

_____
BOP No.

_____
Federal Correctional Institution (if applicable)

_____
Address

_____
City, State & Zip Code

IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF _____
_____ DIVISION

_____ )
                         )
  PETITIONER/DEFENDANT,   )
                         )
                         )
V.                       )   Criminal No. _____
                         )
                         )
UNITED STATES OF AMERICA,)
     RESPONDENT.         )
_____ )

<u>PETITIONER'S MOTION REQUEST FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST SENTENCING CHANGE IN THE UNITED STATES SENTENCING GUIDELINES, PURSUANT § 3582(c)(2) PERTAINING TO THE RETROACTIVE AMENDMENT 706, WHICH EFFECTIVELY LOWERS PETITIONER'S TERM OF IMPRISONMENT</u>

COMES NOW, Petitioner _____, proceeding pro-se without the aid of counsel, respectfully moves this Honorable Court for an Order modifying and thus reducing his/her sentence of _____, imprisonment, pursuant to this Honorable Court's jurisdictional authority as set forth in 18 U.S.C. § 3582(c)(2), under retroactive Amendment 706, and all applicable resentencing provisions of the advisory United States Sentencing Guidelines. See: <u>United States v. Booker</u>, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); <u>Kimbrough v. United States</u>, 06-6330 and <u>Gall v. United States</u>, 06-7949 and the court's consideration of all the relevant factors of Title 18 U.S.C. § 3553(a).

## STATEMENT OF THE CASE

The Petitioner was sentenced in the above-numbered criminal case, on or about _____, for a violation of the federal drug statute: Title 21 United States Code § 841 and sentenced pursuant to U.S.S.G § 2D1.1, particulary involving the substance commonly known as "Crack or Cocaine Base", (Hereinafter "Crack").

The Petitioner was sentenced by the District Court to a term of imprisonment of _____ months, at the Offense Level ____, with a Criminal History Category of ____, followed by a term of Supervised Release of ____ years. The Petitioner is currently incarcerated and is serving his/her sentence at the Federal Institution, _____. See: Appendix-A (Copy of Judgment in Criminal Case.

The petitioner's instant motion for sentence reduction is, as a matter of law, a continuation of the criminal case and is not a civil post-conviction relief pleading. See: <u>United States v. Fair</u>, 326 F.3d 1317 (11th Cir. 2003)(every circuit court which has addressed § 3582(c)(2) has determined that it is criminal in nature and therefore covered by rules applying to criminal cases, not civil cases.) Therefore, Petitioner herein does not seek to introduce new evidence or to argue or litigate the facts of the case. To the contrary, petitioner's instant motion pursuant to Title 18 U.S.C. § 3582(c)(2) seeks a reduction of his/her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines. However, the current Advisory Gidelines apply at resentencing.

The Crack Amendment to the Sentencing Guidelines Amendment 706, will effectively reduce Petitioner's sentence by two (2) Offense Levels, from the current Offense Level _____, to a Offense Level of _____.

### AMENDMENTS TO THE GUIDELINES
### AMENDMENT 706

On May 1, 2007 the United States Sentencing Commission sent to the United States Congress proposed changes to the Guidelines, which included Amendment 706, to improve crack cocaine sentences which would be a clear, notwithstanding modest step, toward reducing the harsh and unjustifiable disparaties between powder cocaine and crack. The Commission stated in its "Reasons for Amendment".

> "The Commission's recommendation and strong desire for prompt legislative action notwithstanding, the problems associated with the 100-to-1 drug quantity ratio are so urgent and compelling that this amendment is promulgated as an interim measure to alleviate some of those problems. The Commission has concluded that the manner in which the Drug Quantity Table in §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy)) was construted to incorporate the statutory mandatory minimum penalties for crack cocaine offenses is an area in which the Federal sentencing guidelines contribute to the problems associated with the 100-to-1 drug quantity ratio." See: U.S.S. Commission "Supplement to Appendix-C, p. 230.

The Commission went on to conclude in the "Reasons for Amendment", stating:

> "Having concluded once again that the 100-to-1 drug quantity ratio should be modified, the Commission recognizes that establishing federal cocaine sentencing policy ultimately is Congress's prerogative. Accordingly, the Commission tailored the amendment to fit within the existing statutory penalty scheme by assigning base offense levels that provide guideline ranges that include the statutory mandatory minimum penalties for crack cocaine offenses. The Commission, however, views the amendment only as an interim solution to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to those problems. Any comprehansive solution to the 100-to-1 drug quantity ratio requires appropriate legislative action by Congress." See: U.S.S. Commission "Supplement to Appendix-C, pp. 230-231.

- 3 -

Under Title 18 U.S.C. § 3582(c)(2), the district court may reduce the term of imprisonment, after considering the factors set forth in section § 3553(a), which states in part:

> "(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . ."

## THE DISTRICT COURT SHOULD RESENTENCE PETITIONER TAKING INTO CONSIDERATION THE CHANGE IN THE LEGAL LANDSCAPE THAT REFLECTS THE DISTRICT COURT'S DISCRETION UNDER § 3553(a) TO FORMULATE A SENTENCE, ESPECIALLY UNDER THE THE DISPROPORTIONATE DISPARITY 100-to-1 "CRACK COCAINE" SENTENCING

Since the petitioner's initial sentencing, the legal landscape has drastically changed, the Supreme Court has abolished the mandatory application of the Sentencing Guidelines in all contexts in United States v. Booker, 543 U.S. 220, 245-46 (2005), and made the United States Sentencing Guidelines as advisory only. In United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the U.S. Court of Appeals for the Ninth Circuit held that where, as here, a defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits a district court to resentence a defendant whose sentencing range has be lowered by the Sentencing Commission, pursuant to 18 U.S.C. § 994(o), the Guidelines must be applied in an advisory manner. "Finally, under Booker, to the extent that the policy statements would have the effect of making the Guidelines mandatory (even in the restricted context of § 3582 (c)(2), they must be void." at p. 1172 Id.

- 4 -

On December 10, 2007, the Supreme Court came down with two rulings in <u>Kimbrough v. United States</u>, 06-6330 and <u>Gall v. United States</u>, 07-7949, that could have a bearing on the judge's discretion on resentencing under § 3553(a) concerning crack's 100-to-1 ratio and the appellate court's standard of review, when the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

In <u>Kimbrough v. United States</u>, 06-6330, the Supreme Court stated, "Under United States v. Booker, 543 U.S. 200, the cocaine Guidelines, like all others, are advisory only, and the Fourth Circuit erred in holding the crack/powder disparity effectively mandatory. A district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guidelines sentencing is "greater than necessary" to serve the objectives of sentencing, § 3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses.

(a) Crack and powder cocaine have the same physiological and psychotropic effects, but are handled very differently for sentencing purposes. The relevant statutes and Guidelines employ a 100-to-1 ratio that yields sentences for crack offenses three to six times longer than those for offenses involving equal amounts of powder. Thus, a major supplier of powder may receive a shorter sentence than a low-level dealer who buys powder and coverts it to crack."

The Court went on to explain Kimbrough should have survived appellate inspection. "The District Court began by properly calculating and considering the advisory Guidelines range. It then addressed the relevant § 3553(a) factors, including the Sentencing Commission's reports criticizing the 100-to-1 ratio. Finally, the court did not purport to establish a ratio of its own, but appropriately framed its final determination in line with § 3553(a)'s overarching instruction to "impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals advanced in § 3553(a)(2). The court thus rested its

sentence on the appropriate considerations and "committed no procedural error." Kimbrough, 06-6330, See: Criminal Law Reporter, of December 12, 2007, pp. 286-287).

In Gall v. United States, 06-7949, the Supreme Court stated, "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensure." The uniqueness of the individual case, however, does not change the deferential abuse-of-discretion standard of review that applies to all sentencing decisions. As we shall now explain, the opinion of the Court of Appeals in this case does not reflect the requisite deference and does not support the conclusion that the District Court abused its discretion. As an initial matter, we note that the District Judge committed no significate procedural error. He correctly calculated the applicable Guidelines range, allowed both parties to present arguments as to what they believed the appropriate sentence should be, considered all of the § 3553(a) factors, and thoroughly documented his reasoning."

The Gall, court went on to conclude, "But it is not for the Court of Appeals to decide de novo whether the justification for variance is sufficient or the sentence reasonable. On abuse-of-discretion review, the Court of Appeals should have given due difference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence. Accordingly, the judgment of the Court of Appeals is reversed." See: Gall v. United States, 06-7949, (Criminal Law Reporter, of December 12, 2007, pp. 300 and 302).

After making the determination that the petitioner is eligible for resentencing pursuant to 18 U.S.C. § 3582(c)(2), and further eligible to the application of the Booker advisory regime to his sentence. The district court should order the U.S. Probation Office to prepare an updated Presentence Report from the time he/she came under the supervision of the Bureau of Prisons. See: United States v. Estremera, 498 F.Supp.2d 468, 472 (D. Puerto Rico 2007).

- 6 -

Clearly, this Court, in resentencing Petitioner has the discretion pursuant to the now advisory Guidelines, to consider the factors set forth in § 3553(a) to formulate the proper sentence, and calculate a new Guideline range for resentencing. See: United States v. Ono, 72 F.3d 101, 102 (9th Cir. 1995), which stated, "the purpose of a § 3582 motion is resentencing."

## CONCLUSION

Its understood now, under Kimbrough, which applied the reasoning in Booker, and finding that the cocaine Guidelines, are advisory only, and that the Court of Appeals errs in holding the crack/powder disparity effectively mandatory. And held in making its determination, the district judge must include the Guidelines range in the array of factors warranting consideration. That the judge may determine, however, that, in the particular case, a within-Guidelines sentence is "Greater than necessary" to serve the objectives of sentencing. 18 U.S.C. § 3553(a), and that in making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses.

WHEREFORE, Petitioner prays this Honorable Court order a full resentencing, order a new presentence report, and then determine the appropriate sentencing range, when § 3582(c)(2) requires the reopening of a sentence the Commission lowers the applicable Guidelines.

[Dated: ___, _____, 2008].

Respectfully Submitted,

_____

- 7 -

## CERTIFICATE OF SERVICE

I, _____, hereby certify that on November 1, 2007, I served upon the following interested party, a true copy of the foregoing **MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE**, by United States Mail, First-Class, postage prepaid, as follows:

**OFFICE OF THE U.S. ATTORNEY**

_____
Petitioner/Defendant